IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Mark L. Blake, Jr**., #667760, ) | Case No. 2:15-cv-3702-DCN-MGB |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **SC Highway Patrolman** ) | |
| **Earl Dean McAbee,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Mark L Blake, Jr. ("Plaintiff") is currently detained at the Charleston County Detention Center in South Carolina. He has filed this civil action pursuant to 42 U.S.C. § 1983, challenging the lawfulness of an arrest that occurred over three years ago. Plaintiff is proceeding *pro se* and *in forma pauperis*. This case is now in proper form and ready for review. Pursuant to 28 U.S.C. §636(b)(1) and Local Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **dismissed with prejudice**, and without service of process, for the following reasons:

I. Background

Plaintiff filed the present § 1983 action on or about September 14, 2015.[1] Plaintiff challenges a traffic stop and arrest that occurred over three years earlier on April 15, 2012, at

---

[1] Prisoners are generally given the benefit of the "mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed "filed" at the moment of delivery to prison authorities for forwarding to District Court). Plaintiff does not indicate when he placed his Complaint in the prison mail, although the Complaint is dated September 9, 2015. Even giving Plaintiff the benefit

approximately 4:00 in the morning. Plaintiff sues the state trooper (defendant SC Highway Patrolman Earl Dean McAbee) who made the traffic stop and the arrest. According to Plaintiff, Officer McAbee indicated to Plaintiff that he had stopped Plaintiff for driving over 20 m.p.h. above the posted speed limit. Officer McAbee also indicated that after he had pulled behind Plaintiff's vehicle and activated his vehicle's blue lights, Officer McAbee saw Plaintiff throw something ("marijuana") out the sunroof of Plaintiff's vehicle. Plaintiff complains that Officer McAbee asked him about the "marijuana" he saw Plaintiff throw from the sunroof. Plaintiff alleges that this was an "incriminating question" that violated his constitutional rights because it was prior to the Miranda warning. Plaintiff also alleges that the officer, upon stopping Plaintiff's vehicle, realized that Plaintiff was a "black male" and therefore "racially profiled" him in a "post-textum" stop after pulling him over. Plaintiff's vehicle was searched. Plaintiff was arrested and released on bond.[2]

Plaintiff was subsequently arrested several more times, and the state court revoked his bond. His arrest on February 22, 2013 pursuant to a warrant is the subject of a separate § 1983 lawsuit filed by Plaintiff and is not at issue here. Criminal charges are currently pending in state court.[3]

---

of the mailbox rule, Plaintiff has exceeded the statute of limitations by several months. Any minor date discrepancies would not affect the analysis.

[2] See http://jcmsweb.charlestoncounty.org/PublicIndex/PISearch (Public Index database at Charleston County Clerk of Court website, last visited on November 23, 2015). State records indicate that plaintiff received a bond hearing on April 17, 2012 and a bond re-consideration hearing on May 10, 2012. His bond was modified on May 11, 2012. Plaintiff waived preliminary hearing and his "first appearance date" was June 29, 2012.

[3] See Case No. 2:14-cv-2036-DCN-WWD, filed May 23, 2014). Plaintiff claimed malicious prosecution in that case. (DE# 33 at 5). On November 19, 2014, this Court stayed such case until resolution of pending state criminal charges against Plaintiff. (DE #37, Order).

In the present action, Plaintiff challenges the lawfulness of the April 15, 2012 traffic stop and his arrest on that date. Plaintiff alleges in his own words that: 1) he was "racially profiled in a post-textum (sic) traffic stop based on race;" 2) his "Miranda warnings weren't (sic) read before Plaintiff prior to Defendant's interrogation;" and 3) "Plaintiff's Fourth Amendment of the U.S. Constitution were (sic) violated due to insufficient probable cause; thus making an illegal and unconstitutional arrest." (DE# 1 at 3-4). For relief, Plaintiff wants this Court to: 1) declare that Plaintiff's constitutional rights were violated; 2) order Officer McAbee to pay "nominal and punitive" damages; 3) order Officer McAbee to pay Plaintiff's attorney fees, bonding fees, and costs; and 4) grant any other "just and equitable relief." (*Id*. at 5). Although Plaintiff asks for attorney fees, the record reflects that he is proceeding without counsel.

## II. Relevant Law

### A. Screening of Pro Se IFP Prisoner Complaints

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the

complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory (such as "claims of infringement of a legal interest which clearly does not exist") or clearly baseless factual contentions (such as "claims describing fantastic or delusional scenarios") may be dismissed *sua sponte* at any time. *Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989).

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

B. Liberal Construction

This Court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). The liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs*., 901 F.2d 387 (4th Cir. 1990).

III. Discussion

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 actions premised on alleged unlawful traffic stops and false arrest are analyzed as unreasonable seizures under the Fourth Amendment. *See, e. g., Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (such claims "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

In his Complaint, Plaintiff alleges that after he was stopped for speeding and throwing something ("marijuana") out the sunroof of his vehicle, he was "racially profiled," he was asked an incriminating question prior to a Miranda warning, his vehicle was searched without his consent, and he was arrested without probable cause. (DE# 1 at 3-4).[4] His factual allegations are rather minimal, conclusory, and at times, contradictory. Although the court liberally construes *pro se* pleadings, a plaintiff must do more than make conclusory statements to state a plausible claim.

---

[4]Miranda warnings are only required before a custodial interrogation. *Thompson v. Keohane*, 516 U.S. 99, 101 (1995). Plaintiff's allegations concerning the Miranda warning pertain to the exclusionary rule and do not provide a cognizable basis for a § 1983 claim for monetary damages. *See Chavez v. Martinez*, 538 U.S. 760, 771-72 (2003) (holding that an officer's "failure to read Miranda warnings to Martinez did not violate Martinez's constitutional rights and cannot be grounds for a § 1983 action"). As the United States Supreme Court explained, "violations of judicially crafted prophylactic rules do not violate the constitutional rights of any person." *Id*.

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). When sufficient facts are alleged, allegations that an officer arrested a person without cause based on racial profiling may be sufficient to state a § 1983 claim. *See, e.g., Green v. Maroules,* 211 F.App'x 159, 2006 WL 3206097 (4th Cir. 2006). In any event, this Court need not consider whether Plaintiff has sufficiently stated a plausible claim. This case should be dismissed because the applicable statute of limitations has been exceeded.

The threshold dispositive question is whether this § 1983 lawsuit is time-barred. *See e.g., Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (2006) (a court may consider the statute of limitations *sua sponte* when reviewing a complaint filed *in forma pauperis*). There is no federal statute of limitations for § 1983 actions, and therefore, the analogous state statute governing personal injury actions applies. *Wilson v. Garcia*, 471 U.S. 261, 265-66 (1985) (holding that the appropriate statute of limitations for § 1983 action was "the 3–year statute applicable to personal injury actions"); *Owens v. Okure*, 488 U.S. 235, 240-41(1989) ("a State's personal injury statute of limitations should be applied to all § 1983 claims"). In South Carolina, the statute of limitations for personal injury actions is three years. S.C. Code Ann. § 15-3-530(5). Courts in this judicial district apply this statute of limitations to § 1983 actions for false arrest. *See, e.g., Williams v. City of Sumter Police Dept.*, Case No. 3:09–2486–CMC–PJG, 2011 WL 723148 (D.S.C. February 23, 2011) (concluding that plaintiff had three years in which to file § 1983 action for false arrest).

Federal law governs the date on which the applicable statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Owens v. Baltimore City State's Attorneys Office,* 767 F.3d 379, 389 (4th Cir. 2014), *cert. denied*, 135 S.Ct. 1983 (2015). The United States Supreme Court has held that a § 1983 claim for false arrest accrues when the claimant is detained pursuant

to legal process. *Wallace*, 549 U.S. 396 (holding "that the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.").

Here, Plaintiff was arrested on April 15, 2012 and then released on bond. His cause of action for alleged "false arrest" accrued at that time. Plaintiff did not file suit until over three years later on September 14, 2015. Therefore, the Complaint is untimely by approximately six months. *See, e.g., Miy'at Kali El-Bey v. Clover Police Dept.*, Case No. 0:13–438–CMC–PJG, 2014 WL 66845 (D.S.C. January 8, 2014) ("Plaintiff had three (3) years in which to file a § 1983 action in this court, which she did not do… the § 1983 claims … [including claim for false arrest] were not timely filed"); *Rowe v. Hill*, Case No. 8:06-cv-02175-GRA-BHH, 2007 WL 1232140 (D.S.C. 2007) (plaintiff brought § 1983 action based on false arrest, court dismissed with prejudice as untimely under South Carolina's three year statute of limitations); *Rogers v. Valentino*, Case No. 3:14–4271–TMC-WWD, 2015 WL 262988 (D.S.C. January 21, 2015) (finding that Plaintiff's § 1983 suit for false arrest was time-barred under South Carolina's three year statute of limitations). As the Plaintiff's Complaint is time-barred, it is subject to dismissal for failure to state claim for relief. See 28 U.S.C. §1915(e)(2)(B).

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's Complaint fails to state a claim for relief and should be **dismissed with prejudice** and without service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 30, 2015
Charleston, South Carolina

The plaintiff's attention is directed to the *important notice* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).